CHARLES W. WHITNEY

*v.*

CHARLES H. FRANKLIN and others.

1. Where a married woman gave to the firm of which her husband was a member, her note for his indebtedness to such firm, and the firm endorsed the note and gave a mortgage to secure its payment, and she afterwards voluntarily paid the note and took an assignment of the mortgage, *Held*, that she has no claim upon the mortgage.

2. If such mortgage had been given to secure an indebtedness of the firm or her own debt, and at the time of the assignment nothing was due upon the mortgage, it would have no validity; for, having been satisfied, it was not in the power of the mortgagee to give it validity without the consent of the mortgagors.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. A. Zabriskie*, for complainant.

*Mr. B. C. Chetwood*, for Catharine A. Franklin.

THE CHANCELLOR.

The controversy between the parties in this action, which is a cross-suit to one for foreclosure brought by the holder of the first mortgage, is as to the validity of a mortgage, the second encumbrance, if it be valid, in order of priority upon the mortgaged premises.   The mortgage in question was given by Charles H. Franklin, senior, and Wilson E. Franklin, and their wives, to Edward Mars.   It is dated on the 21st of December, 1869, and purports to have been given to secure the payment of $4,000 in one year from its date, with interest.   Mars assigned it to Mrs. Catharine A. Franklin, wife of Charles H. Franklin, junior, by assignment dated September 20th, 1870.   The complainant is a judgment creditor of the mortgagors, Charles H. Franklin, senior, and Wilson E. Franklin.   His judgment is for

Whitney *v.* Franklin.

$3,823.23, and was recovered in the supreme court of this state, on the 29th of December, 1869.

The bill alleges that no consideration was paid to Mars for the assignment to Mrs. Franklin, and that, in fact, nothing was due on the mortgage when the assignment was made, but that it had been paid and satisfied in full, and is kept on foot to defraud the creditors of Charles H. Franklin, senior, and Wilson E. Franklin. The bill prays that the mortgage may be decreed to be void as against the complainant.

The answer of Mrs. Franklin alleges that she paid, as the consideration of the assignment, $3,275, money of her separate estate, and was assured by Mars, when she took the assignment, that the mortgage was a valid security. The mortgage was given to Mars to secure an indebtedness of the firm of C. H. Franklin & Sons, (composed of Charles H. Franklin, senior, Wilson E. Franklin and Charles H. Franklin, junior, her husband,) and the firm of C. H. & W. E. Franklin, to him. The former firm ceased on the 9th of November, 1869, and was succeeded by the latter. When the mortgage was given, Mars held, for part of the indebtedness, the note of Mrs. Franklin for $2,953.36, dated at New York, on the 22d of October, 1869, and payable three months after date, to the order of C. H. Franklin & Sons, without defalcation or discount, and therein declared to be "chargeable to and payable from" her "own individual and personal estate." This note was endorsed to Mars, by the payees, before its maturity. It was protested for non-payment, and in January, 1870, immediately after it became due, he brought suit against Mrs. Franklin upon it, in the supreme court of the state of New York, and recovered judgment therein on the 7th of July following for $3,238.75 damages and costs, to be levied and collected from her separate estate. On the 20th of September following, she paid to him $3,275, somewhat less than the amount of the principal and interest of that judgment, on his assigning to

her the mortgage in question; and that was the consideration of the assignment.

As appears by the books of C. H. Franklin & Sons, and C. H. & W. E. Franklin, there was nothing due to Mars from these firms, or either of them, when the assignment was made. He is not charged in the books with the mortgage, and when his account with the latter firm closed, on the 29th of December, 1869, they were indebted to him in the sum of $36.22. He is charged, however, with the note of $2,953.36. Mars says that when he assigned the mortgage the mortgagors owed him nothing but a small balance, and that when the note of Mrs. Franklin was paid, all the indebtedness for which the mortgage was given was paid. Mrs. Franklin insists that that note was given without consideration, and merely for the accommodation of the firm of C. H. Franklin & Sons. But such is not the evidence. Charles H. Franklin, senior, says that Mrs. Franklin considered it an accommodation note, but he did not consider it so, but as a payment of her husband's indebtedness to the firm, of which he was then a member.

Augustus Tait, who had opportunity to know what was the consideration of the note, testifies that it was given for a bill due for boilers furnished for one of two steamboats, either the "Gladiator" or the "R. L. Mabie," which she owned wholly, or in which she had an interest to the extent of one-half. The books of the firms corroborate this statement. Under date of October 22d, 1869, the date of the note, is the following entry:

Received from C. H. Franklin, junior, owner of steamer
    Gladiator, in part payment of ac't against said boat, de-
    mand notes against firm, held by C. A. Franklin as
    security for money borrowed at different dates, for....... $2,849 76
Also, C. A. Franklin's note at 3 mos., payable at
    2d Nat. Bank, J. C., for... .......................... $2,953 36
Less 3 mos. int.............................................. 52 43
                                                          2,900 93

                                                            $5,803 50
Paid cash for note stamp................................................. 1 50

The steamer "Gladiator" is credited with the above amount of $5,803.50. Under date of October 13th, 1869, the following entry appears in the books :

"Sold to C. H. Franklin, jun., one boiler, two tanks for steamer Gladiator, $6,000."

On account of this charge, among others, the $5,803.50 are credited. So that the note was given and received, not for accommodation, but on account of an indebtedness due, either from Mrs. Franklin or her husband, to the firm for the steamer "Gladiator," which, according to the charge above quoted, was owned by him. According to Tait's testimony, it was owned by her. Neither she nor her husband (both of them were sworn in her behalf as witnesses) denies the truth of Tait's statement as to the ownership of the steamers.

Mr. Franklin testifies that he acted as his wife's agent, and took care of her property. The note appears to have been given under the following circumstances : It was deemed desirable, in view of overtures which had been made to Mars to induce him to enter into the co-partnership, to reduce the indebtedness of Charles H. Franklin, junior, to the concern. To do this, Mrs. Franklin gave her note, to be used for that purpose, and it was used accordingly, and,. as assets of the concern, was endorsed over to Mars, on account of the indebtedness of the firm to him. When Mrs. Franklin gave the note, her father-in-law, Charles H. Franklin, senior, assured her that he would take care of it, but he did not in any wise regard it as accommodation paper. It is quite probable that he expected that the firm would be able to pay it out of her husband's profits in the business, but that in no wise changed the character of the paper. It was given in payment of a debt due from her, or from her husband, for a boiler and tanks furnished to the "Gladiator," which belonged either to her or to him. But it is insisted by her counsel, that if she, indeed, gave the note for her husband's debt, she could not

9

have been lawfully held liable to pay it; and, it is alleged, that on that ground she contemplated appealing from the judgment which was recovered against her upon it. If, then, she could not have been compelled to pay the note, she paid it voluntarily. She testifies that Mars agreed with her, that if she would take the mortgage, he would drop all proceedings on the note and cancel the judgment. Mars says, narrating the circumstances: "I still held the mortgage which I see here now, and sued on the note and recovered judgment. Then they came to me and said if I would assign the mortgage, they would give me the money. I assigned the mortgage to Mrs. Franklin and got $3,500 or $3,600; this was only the amount that was due on the note, and interest and expenses." And again he says : " When Catharine A. Franklin and I settled, she paid me the amount of the note and something more, and I assigned the bond and mortgage."

She and her husband say, in their answer, as before stated, that the amount paid was $3,275. If she voluntarily paid the note which she gave for her husband's debt with her own money, she has no claim upon the mortgage given by the endorsers of that note to secure the payment thereof. They were sureties for her. But Charles H. Franklin, senior, swears that the mortgage was not given to secure the note at all, but other indebtedness. The indebtedness to which he thus refers had been paid in full when the assignment to Mrs. Franklin was made. The mortgage, in that case, had no validity when it was assigned, for it had been satisfied, and it was not in the power of Mars to give it validity without the consent of the mortgagors. *Andrews* v. *Torrey*, 1 *McCart*. 355 ; *Atwater* v. *Underhill*, 7 *C. E. Gr.* 599. Moreover, I am not satisfied that the debt, for the payment of which the note was given, was not the debt of Mrs. Franklin herself, incurred for the improvement of her separate property. The mortgage has no validity.

There will be a decree in accordance with these views.